IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **DOLPHUS W. BURNETT**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number |
| V. ) | **6:06-cv-00024-UWC** |
| ) | |
| **BENNETT TRUCK TRANSPORT, LLC** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION ON THE COURT'S
LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Dolphus W. Burnett ("Burnett") filed this lawsuit in Alabama state court seeking compensatory and punitive damages for Retaliatory Discharge, pursuant to Alabama law, after his employment from Defendant Bennett Truck Transport, LLC ("Bennett") was terminated allegedly as a consequence of Burnett's claim for worker's compensation benefits. (Compl. at p. 1); *See* Ala. Code 1975 § 25-5-11.1. Bennett removed this action pursuant to 28 U.S.C. Sections 1441 and 1446, based upon complete diversity of citizenship of the parties.

Federal Courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The Court is obligated to raise questions concerning subject matter jurisdiction *sua sponte*. *See, e.g.*, *Arthur v. Haley*, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte*."). When determining whether the Federal Courts have jurisdiction over a diversity action, "[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375

1

(1994).

There being a clear absence of a federal question at issue here, Bennett asserts the applicability of this Court's diversity jurisdiction based upon the parties' complete diversity of citizenship and the presumption that the $75,000 jurisdictional amount has been met.  However, any discussion of diversity jurisdiction is specifically precluded pursuant to the language of 28 U.S.C. Section 1445, which addresses certain non-removable state actions.  Subsection (c) of the statute states, "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. 1445(c).  Burnett has filed a civil suit for damages arising from an allegedly retaliatory discharge for his claim of worker's compensation benefits in violation of Section 25-5-11.1 of the Alabama Code, in other words this is a civil action 'arising under' Alabama's worker's compensation laws.  *Wayne Poultry Co. v. Div. of Cont'l Grain Co.*, 791 F. Supp. 290, 291 (M.D. Ala. 1992) (specifically holding that plaintiff's claim of retaliatory discharge under Section 25-5-11.1 precluded removal by the defendant pursuant to 28 U.S.C. Section 1445(c).).  As a result, the present action is brought squarely within the scope of Section 1445(c) which specifically precludes removal of the action to this Court.

Based on the foregoing analysis, for want of federal jurisdiction, this action must be REMANDED to the Circuit Court for Winston County, Alabama.

Done the 31st day of January, 2006.

  
_____
U.W. Clemon
Chief United States District Judge